Wardlaw, J.
dissenting. The verdict upon an issue contesting a return of a garnishee, should ascertain precisely, by its own statements or by reference to something certain, the thing to be delivered, if specific delivery is to be enforced, or the sum to be paid, if payment is to be coerced. Whether in practice a judgment ought to be en *463 tered up on it, or whether it ought to be subjoined to the return, or whether, without any further entry, the powers of the court to give it effect should be invoked, are questions now of no consequence.
Whatever course maybe taken, it is plain that an order for payment of money into court, or for delivery of a specific chattel, is in its nature an execution, and should be founded upon a liability of the garnishee, which, by his own confession in his return, or by a finding against him, has been established with the same certainty that pertains to every judgment which an ordinary execution enforces.
Here the suggestion charges, that the garnishee had in his hands negroes of the absent debtor, at the time the attachment was served; the verdict finds, that before the attachment was lodged, the garnishee had sold negroes of the absent debtor, at certain prices. This verdict is no answer to the issue. It is said the issue in such a case presents only the inquiry, whether the return is true or not. If the court ever intended that an issue so general and indefinite should be presented, why has it required the plaintiff to file a suggestion? Would it be permitted for a plaintiff to say in a suggestion, merely, that the return is not true, and put himself upon the country; thus giving the garnishee no notice of the falsehood complained of, and, contrary to the ordinary fairness and certainty of the law, coming to trial upon matters unknown, until they are disclosed ore terms at the trial ? If any specification is required — indeed, whether it is required or not — surely the plaintiff should be bound by a specification which he has made, and not be permitted to mislead the garnishee, by alleging one thing and proving another.
It is to be remembered, that the garnishee is answerable for any thing belonging to the absent debtor, which was in his hands at the time of the attachment served, or which came to his hands afterwards and before the filing of his return. 2 Hill, 475. Here was a considerable space of time, to which the plaintiff might have directed his investigations and charges. He had the fullest privilege of ringing the changes in his specifications, so as to hit the form which the debtor’s property in the garnishee’s hands *464 at some moment in this time presented ; and therefore he was entitled to no special indulgence in departing from his allegations.
But waiving all objection of the suggestion, suppose it to have been alleged that the gaanishee had money — does this verdict establish that allegation in such way that payment may be coerced ? A verdict must be express and certain. See Bac. Ab. verdict R. Com. Dig. Pleader, S. 19, 34. If the allegation had been correctly made, it would have charged a debt owing to the absent debtor, or money of his in hand, at some time between the- service of the writ and the filing of the return. A correct verdict would by general words have found the specification containing the charge to be true, or would have, in special form, found the debt or the sum of money during the required time. This verdict finds, that negroes were fraudulently conveyed by the absent debtor to the garnishee, and that the garnishee before the lodgment of the writ of attachment had sold the negroes for certain sums of money. If no time had been mentioned in the verdict, it might have been held that the verdict should be referred to the suggestion, and the suggestion being also found indefinite as to time, then that the verdict should be referred to the law, so as to make the sale relate to some period within the range of the garnishee’s liability. But the verdict itself precludes the possibility of such reference, by finding that the sale was before the lodgment of the writ. It negatives all time subsequent, but gives no exactness as to time preceding; and it can derive no aid from any of the numerous specifications in the suggestion, which allege the time of the service, but no other time. For aught that appears, the fraudulent conveyance and sale of the negroes may have been ten years before the lodgment of the attachment writ. It seems to me, then, that this verdict does not establish a certain sum belonging to the absent debtor, in the hands of the garnishee at the service of the writ, or at any time between the service and the filing of his return.
Even admitting that sale for a sum certain necessarily implies the receipt of the money, (which may be well doubted,) the sum may have been received and paid over, *465 or it may have been received in a bag and lost without fault. Will it be said that these are matters of defence to be alleged and proved by the garnishee ? There is neither allegation nor proof after a verdict. Maintaining that no sufficient verdict has been found, the garnishee, in answer to the rule served upon him, has alleged such matters, but he has not even been called upon for proof.
A verdict should establish the conclusion of fact with certainty, not admitting of reasonable doubt. Oportit quod res certa in judicium possit deduci. It has been insisted that the verdict is made sufficient, by the presumption that holds until contrary proof be made, that he who had another’s money has it still. But that is a presumption of fact. When is the proof to the contrary to be heard ? A presumption of fact, a natural presumption, is matter of evidence, not matter of law. An artificial presumption of mere law, cannot be rebutted. Even presumptions of law and fact, such as the presumption in trover, of aeon-version from demand and refusal proved, must be made by the jury and not by the court; much more presumptions of mere fact, such as that here relied on. 3 Stark Ev. 1241, et. seq. A jury must find facts, not evidence. There is no settled principle or fixed rule which enables the court of itself, without the finding of the jury, to reach the conclusion, that this money was in the hands of the garnishee at or after the attachment, from the premises established that it was there at some previous time. Because the jury failed to draw the conclusion which must be attained, their doubts might be argued, but no power in the court to assume their province by making a presumption of fact, can thence arise.
There seems to me to have been throughout the pleadings and argument of this case, on the part of the plaintiff, some vague notion concerning the importance of the fraudulent conveyances, which have in various specifications been alleged as matters in and of themselves material, independent of all result that has ensued from them ; and which, being found by the jury, it is supposed will be greatly influential in inducing the court to exercise its powers. But the business of the court is to give effect to a *466 verdict establishing what the garnishee has in his hands of the goods, moneys, <fec. of the absent debtor, at or after the attachment. The business of the jury was to inquire what the garnishee so had in his hands. The purpose of the suggestion should have been to shew what he so had. The fraud was then material only in a collateral way, as evidence to shew that a title set up to certain goods, (fee. by the garnishee, was, as to creditors, void. In the true issue to be tried, negroes fraudulently conveyed were the same as negroes held under deposit. The fraud of itself would not have entitled the plaintiff to a verdict, and is of no avail on this motion. If the absent debtor and the garnishee had, in the most fraudulent and iniquitous manner, combined to destroy or remove the goods of the absent debtor before the attachment, no recovery, in a proceeding like this, could be had against the garnishee, unless there had accrued from the fraudulent conduct of the parties, at or after the attachment, some debt from the garnish ee to the absent debtor, or some property of the absent debtor, in the hands of the garnishee. If any such result of the fraud had accrued, that result was the subject to be ascertained, and the fraud was only inducement and evidence.
I am, therefore, of opinion, that the verdict is no answer either to the specifications which have been made, or to the issue which should have been presented ; and that the verdict is not sufficiently certain and express to authorize the action of the court. I think that the motion for an order to pay the money into court, should have been refused, and a repleader and venire facias de novo ordered.